UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 95-30735
Summary Calendar

SMIT INTERNATIONAL (WEST AFRICA B.V.),

Plaintiff-Appellee
Cross-Appellant,

VERSUS

THE PANAMA CANAL COMMISSION,

Defendant-Appellant
Cross-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(CA 93 2268 J)

April 30, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On July 13, 1990, the *USS Preserver*, a United States Navy tug commanded by Lieutenant Commander Paul Nolte ("Nolte") entered the breakwater of the Panama Canal towing the 2,675-ton ex-*USS Skipjack*, a decommissioned nuclear submarine, to be anchored inside the breakwater. Nolte requested from the Panama Canal Commission ("PCC") a pilot and two tugs for assistance in the maneuvers. PCC

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

assigned its pilot, Louis Pascavage, and one tug, the *Smit Belgie*, owned and operated by Smit International (West Africa B.V.) ("Smit"). Pascavage properly and effectively assumed control of the *USS Preserver* and its tow and ordered the *Smit Belgie* to put one line on the stern of *Skipjack* and then move aft to take way off of the tow. *Skipjack* had a vertical rudder extending above the deck; and *Smit Belgie*'s 200 foot of line was attached to the deck of the submarine on the center line of its hull well forward of the stern. After pulling the stern of *Skipjack* to starboard, the *Smit Belgie* began the maneuver to fall in behind *Skipjack*. When the two line caught in the housing of the vertical rudder, the line became taut and jerked the tug onto a submerged diving plane which extended out from the hull of the submarine. *Smit Belgie* was holed on her port side and sank.

Smit sued PCC in the United States District Court for the Eastern District of Louisiana to recover the stipulated damages of $1,725,000 which it sustained as a result of the sinking of its tow. The case was tried before the United States District Judge who found that PCC and Smit were each liable for 50% of the fault for the casualty. Accordingly, the district court awarded judgment in favor of Smit for $862,500, being one-half of its stipulated damages. Both sides appealed.

We have carefully reviewed the briefs, the reply briefs, the record excerpts and relevant portions of the record itself. For

2

the reasons stated by the district judge in the Findings of Fact and Conclusions of Law entered under date of May 30, 1995, we affirm the judgment of the district court.

**AFFIRMED**